■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOMINIC BARANELLO, Appellant. — Appeal by defendant: (1) from a judgment of the County Court, Suffolk County, entered May 20, 1964 on his plea of guilty, convicting him of omission of duty by a public officer in violation of section 1857 of the Penal Law, and imposing upon him a suspended sentence; and (2) from an order of said court, entered May 25, 1964, which granted his motion for an inspection of the Grand Jury minutes to the extent that the court itself examine the minutes, and which denied his motion to dismiss the indictment. Judgment reversed on the law and indictment dismissed. No issues of fact were considered. Order modified on the law by granting the motion to dismiss the indictment. As so modified, order affirmed. The defendant was charged in a two-count indictment with (a) conspiring to falsify and conceal the true state of the financial records and accounts of the Office of the Town Clerk of the Town of Brookhaven; and (b) falsifying the accounts of a public officer. His motion to inspect the Grand Jury minutes was granted to the extent that Special Term examined the minutes *in camera*. His motion to

dismiss the indictment was denied. We find that the indictment on its face fails to state a crime. Such objection is not waived by a plea of guilty (*People* v. *Scott*, 3 N Y 2d 148, 152; *People* v. *Maggio*, 16 A D 2d 820, revd. on other grounds 12 N Y 2d 789). The deposit of funds into a bank account, without the alteration of any record, does not violate section 1865 of the Penal Law since it does not involve a fraudulent alteration, falsification or concealment of an account. In addition, since the motion to inspect the Grand Jury minutes was granted to a limited extent, the minutes are properly before us on this appeal (*People* v. *Howell*, 3 N Y 2d 672, 675). The motion to dismiss the indictment on the ground that the evidence submitted to the Grand Jury was legally insufficient is also properly before us (*People* v. *Randall*, 9 N Y 2d 413, 424). The Grand Jury minutes reveal that the only evidence connecting the defendant with the crime charged was given by witnesses known by the Grand Jury to have been accomplices. No independent evidence connected the defendant with the crime charged (*People* v. *Howell, supra,* p. 676; *People* v. *Cilento*, 2 N Y 2d 55, 63; *People* v. *Nitzberg*, 289 N. Y. 523, 526). Christ, Acting P. J., Hill, Rabin and Benjamin, JJ., concur; Hopkins, J., concurs only on the ground that the indictment, on its face, was insufficient as a matter of law.